ROBERTSON, Justice:
Appellant, Robert T. Register, was found “guilty as charged” by a jury in the Circuit Court of Jackson County, on an indictment charging him with “attempted burglary”. However, the judgment recited that he was sentenced to serve a term of seven years in the Mississippi State Penitentiary because he had been found guilty of the offense of burglary.
During the afternoon and evening of October 5, 1972, appellant and a friend visited several bars and consumed a number of beers. About 10:30 or 11:00 P.M., appellant’s friend disappeared, leaving him with no way to get home. Looking for his friend, appellant proceeded to the Castaway Lounge where he argued with an unidentified shipyard worker and was asked to leave. He then went to the Pink Poodle, at which time he felt “pretty drunk” and angry because of the altercation at the Castaway and because he was going to have to walk home. Leaving the Pink Poodle, he walked to the side of the Outrigger Cafe and started banging on the window.
J. B. McDuffie, operator of the Oasis Cafe next door to the Outrigger Cafe, heard the sound of breaking glass. He turned around and saw appellant standing at the side of the Outrigger Cafe with his hands through a broken pane, pushing a piece of plywood away from the window. McDuffie, after getting an unsatisfactory answer from the appellant as to what he was doing, grabbed him, took him next door to the Oasis Cafe, and called the police. Officer Fountain of the Pascagoula Police arrived at the scene and arrested the appellant for breaking and entering. At the Pascagoula jail, after being advised of his rights, appellant told Fountain that he was breaking into the place to get something to eat.
The appellant contends that: (1) The verdict is contrary to the weight of the evidence in that the state failed to prove beyond a reasonable doubt any felonious intent on the part of the appellant; and (2) The trial judge erred in not granting the appellant’s motion that he recuse himself.
 It was a question for the jury to decide whether felonious intent was proved beyond a reasonable doubt, and the jury’s verdict of “guilty as charged” is supported by ample evidence.
*739 We will not discuss the second error assigned ; it is totally without merit.
The Court is concerned with the variance between the indictment which charged “attempted burglary” and the judgment which reflected a conviction for “burglary” and a sentence based on a verdict of guilty of burglary.
We are of the opinion that the jury, by its verdict of “guilty as charged” intended to find the appellant guilty of attempted burglary. The wording of the judgment indicates that the court sentenced the appellant to the maximum of seven years in the penitentiary under the misapprehension that the appellant had been found guilty of burglary, and not “attempted burglary”.
We, therefore, affirm the conviction of “attempted burglary” but remand the case to the trial court for resentencing and correction of the judgment.
Conviction affirmed but case remanded for resentencing and correction of judgment.
RODGERS, P. J., and SMITH, WALKER and BROOM, JJ., concur.